NEHEMIAH·DENTON, BENJAMIN SMITH and others,

v.

HENRY M. GRAVES and others.

Bill by judgment creditors against the defendant at law, and against the assignees of
defendant's property, to set aside the conveyances of the property as fraudulent, and
to subject a certain mortgage to the payment of the complainants' demands. Pend-
ing suit, defendant assigned the same mortgage, receiving a promissory note for
payment. Upon certain subsequent proceedings, the maker of the note paid the
amount of it into court, to the credit of this cause.

The petition of the complainant, to have that money paid over to him, denied.

1824.          THE petition of the complainants stated, that they were

*Payment pend-* judgment creditors of the defendant Graves, and had issued

*ing suit.*     executions, which had been returned unsatisfied, except in part.

The defendant had conveyed to his brother and to his brother

in law respectively, all his real estate, and had also sold or

transferred to one of them part of his stock in trade, and the

residue to one Gray on credit. Gray had given him a mort-

gage to secure eight hundred dollars of the purchase money,

and had subsequently died insolvent, the mortgaged premises

not being worth more than half the amount secured. The

complainants had filed a bill to set aside the conveyances of

the real estate as fraudulent, and to have the mortgage also-

1824.

DENTON
v
GRAVES.

applied towards the satisfaction of their judgments. After filing the bill, and after the first answer, the defendant assigned the mortgage to one Boughton for three hundred dollars, and took his sealed notes in payment. Notice was then given to Boughton of the pendency of this suit, and he, in consequence, refused to pay the notes to Graves. Graves thereupon commenced an action against Boughton, who apprised the complainants of it, offering to pay the money into this court, if an order were obtained for that purpose. The complainants now applied for an order on Boughton, to pay the principal and interest of the notes into the hands of the assistant register, and for an injunction, to restrain Graves from proceeding in the action at law.

MR. ROOSEVELT for the petition, contended, upon the authority of the case of Hadden and Spader, 20 John. 554. that the debtor of a debtor was liable to account, and pay to a judgment creditor, who had issued an execution which had been returned unsatisfied. The principle was salutary, and its adoption was imperiously required, since the virtual abolition of imprisonment for debt.

The mortgage being forfeited, and the mortgagor having died insolvent, and the mortgaged premises being worth much less than the charge upon them, it was not the case of a chose in action. The mortgage was, in equity at least, real estate; and the mortgagee ought not, by a transfer pendente lite, to be permitted to defeat the prayer of the complainants' bill.

THE COURT. As Boughton is not a party to this cause, an order can not be made to compel him to pay the amount of the notes into this court. If he consents to pay it in, I will authorise him to do so. Let an injunction, therefore, issue, upon his paying the amount into court.

1825.
29th March.

Another petition was now presented by the complainants, stating that the money had been paid into court, in pursuance of the authority so given by the chancellor, and that an injunction had been issued, and praying that the money might be paid out of court to the complainants; on the ground that

it clearly appeared from the answer that, they were entitled to it.

MR. ROOSEVELT for the petitioners, referred to the case of Clarkson against De Peyster, see p. 274 of this volume, and the authorities there cited, to show that when it clearly appeared from the answer, that the complainants were entitled, the court would interfere on petition, and not compel the party to wait until the regular hearing of the cause.

MR. HOPKINS for the defendant Graves insisted, that the first order was ex parte and irregular. The money paid into court, admitting the order to have been regular, must stand on the same footing as the mortgage, and that being a chose in action, could not be attached on execution, even by the aid of a bill in chancery. The language used in Hadden v. Spader had been limited by subsequent decisions, made in this court. Donovan v. Finn, p. 59 of this volume. At all events, the point was a proper subject for argument, when the cause should be regularly brought to a hearing upon the pleadings and proofs. The case was not one of clear right; and it was to cases of that kind, that the interference on petition was restricted.

MR. ROOSEVELT in reply. Motions for injunctions are usually exparte. It is not customary to give notice of them, unless under very special circumstances. At all events, whether the first order was irregular, or not, the objection can not be made on this motion. The defendant has had ample time, and if he conceived the order improper, he should have moved to vacate it. Until vacated it is the order of the court, and binding upon all parties. Its merits can not be discussed upon a collateral motion.

THE COURT thought, that the case did not come within the principle of the rule adopted in Clarkson v. De Peyster; and that the right to this money, was a question involved in the merits of the cause, which must be determined at the hearing. This part of the application was therefore denied, as premature; but an order was made, that the assistant register should invest the fund and make it productive, to abide the final decision of the cause.